# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DENNIS O. WILLIAMS, | § | |
| | § | No. 155, 2015 |
| Defendant Below-Appellant, | § | |
| | § | Court Below: Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | No. 1402014360 |
| | § | |
| Plaintiff Below-Appellee. | § | |
| | § | |

Submitted: November 18, 2015
Decided: December 4, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

### ORDER

On this 4th day of December 2015, it appears to the Court that:

(1) Defendant-Below/Appellant Dennis O. Williams appeals from a Superior Court conviction by a jury of Possession of a Firearm by a Person Prohibited ("PFBPP")[1] and Possession of Ammunition by a Person Prohibited ("PABPP").[2] He raises one issue on appeal. Williams contends that the trial court erred in denying his motion for a mistrial after a police officer gave testimony concerning a statement which Williams made after being taken into custody. He contends that the testimony

---

[1] 11 *Del. C.* § 1448.
[2] 11 *Del. C.* § 1448.

was inadmissible under *Miranda* and had not been produced during discovery.[3] We find no merit to Williams' claim and affirm.

(2) In February 2014, Wilmington Police Detective Jeffrey Silvers was on foot patrol near Club Lavish in Wilmington, Delaware. While on Union Street, Detective Silvers heard a gunshot and observed several people running from a parking lot commonly used by Club Lavish patrons. After reporting his observations, Detective Silvers, accompanied by Officer Nicholas Sibbalucca, proceeded to the parking lot where a group of about seventy-five people had assembled. Additional officers responded to help control the large crowd.

(3) After arriving on the scene, Sergeant Deborah Donahue noticed Williams standing alone between two parked cars. Finding this behavior odd, Detective Silvers approached Williams and placed him into custody. Both Detective Silvers and Sergeant Donahue observed Williams wearing a glove on his right hand while placing him in the back of Sergeant Donahue's patrol vehicle. After Williams was in custody, Officer Richard Verna searched the immediate area and located a Colt revolver under one of the parked cars. The weapon was warm, and one of the six rounds had recently been fired.

---

[3] Under Superior Court Criminal Rule 16, a defendant is entitled to discover any statement made by him which is within the possession of the State, the existence of which is known, or through due diligence may become known, to the attorney general. Super. Ct. Crim. R. 16(a)(1)(A).

(4) While Williams was in the patrol vehicle, he was observed moving around and making the vehicle shake. He was transferred to another vehicle and transported back to the police station. At the station, Sergeant Donahue realized that Williams was no longer wearing the glove. She asked Williams about the glove's whereabouts, to which Williams responded, "what glove?"[4] Sergeant Donahue found the glove between a metal plate and the front seat of her patrol vehicle. Later on in the investigation, Detective Silvers reviewed video from the parking lot's security cameras, which showed Williams bending down between the cars where the gun was located. Williams was indicted on several charges, including PFBPP and PABPP.

(5) At trial, Sergeant Donahue was asked: "Okay. Do you eventually find a glove in your car?"[5] She answered "Yes," and then went on to explain the circumstances of finding the glove. While doing so, she testified that at the station she asked Williams where the glove was and he responded, "what glove?"[6] Williams objected and moved for a mistrial on the grounds that the officer's question and his answer violated *Miranda* and his statement was not disclosed during discovery. The trial court denied the motion for a mistrial, but made the following six rulings: (1) Williams should not have been questioned without being given his *Miranda*

_____

[4] Appellant's Op. Br. App. at A32.
[5] *Id.*
[6] *Id.*

3

warnings; (2) the statement should have been disclosed during discovery; (3) the testimony was unexpected and not responsive to the question posed by the State; (4) had the statement been disclosed prior to trial, the court would have ruled it inadmissible; (5) failure to disclose the statement prior to trial was not prejudicial and the statement was not exculpatory; and (6) the matter could be cured by instructing the jury to disregard the officer's testimony that she asked Williams about the glove and his response. Such a curative instruction was given.

(6) "We review the denial of a motion for mistrial after an unsolicited response by a witness for abuse of discretion or the denial of a substantial right of the complaining party."[7] "In doing so, we consider the nature and frequency of the conduct[,] . . . the likelihood of resulting prejudice, the closeness of the case and . . . the trial judge's [mitigation] efforts . . . in determining whether a witness's conduct was so prejudicial as to warrant a mistrial."[8]

(7) Williams' claim lacks merit. Any prejudice from the statement was minimal when considered in the context of all the evidence presented, which included testimony that Williams was wearing the glove at the scene but not at the police station, and the glove was found apparently concealed in the patrol car where Williams had been seated. Moreover, this was not a close case. Police found the

---

[7] *Pena v. State*, 856 A.2d 548, 550 (Del. 2004).
[8] *Id.* at 550-51.

4

revolver where Williams had been standing before being taken into custody. Further, Williams was seen on surveillance video bending down between the two cars where police recovered the gun, which was warm and had recently been fired. Finally, the trial court provided the jury with an adequate curative instruction. Under these circumstances, the trial court acted properly and did not abuse its discretion in denying Williams' motion for a mistrial.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is **AFFIRMED.**

BY THE COURT:

Justice

5